UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: NUTEK BABY WIPES PRODUCTS
LIABILITY LITIGATION                                                                MDL No. 2605


ORDER DENYING TRANSFER


**Before the Panel:** Defendants First Quality Enterprises, Inc., First Quality Consumer Products LLC, and Nutek Disposables, Inc. (collectively, Nutek) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of New York.[1] This litigation consists of three actions pending in the Eastern District of New York and the Northern District of Oklahoma, as listed on Schedule A.  Plaintiffs in all three actions oppose centralization; the Eastern District of New York plaintiffs suggest that, if the litigation is centralized, the transferee district should be the Eastern District of New York.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation.  These actions share some common factual questions regarding the cause or causes of the potential contamination of certain Nutek disposable wipes[2] with the bacteria *Burkholderia cepacia*.  Nutek announced the nationwide voluntary product recall on October 25, 2014.  We are not convinced, though, that these common issues alone are sufficiently complex or numerous to warrant the creation of an MDL.

Defendants' motion encompasses only three actions pending in two districts.  Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  Nutek has failed to meet that burden here.  These actions

---

[1] Defendants' motion originally included six actions whose plaintiffs later dismissed their respective actions and joined an amended complaint in the Eastern District of New York *Jones* action, depriving the litigation of multidistrict character.  Defendants subsequently filed an amended motion for centralization that includes the present actions.  Further, a related action was removed to federal court in the Middle District of Georgia during the pendency of the amended motion for centralization.

[2] Nutek's recalled wipes include those wipes that it manufactured under the brand names Cuties, Diapers.com, Femtex, Fred's, Kidgets, Member's Mark, Simply Right, Sunny Smiles, Tender Touch, and Well Beginnings.  These wipes reportedly were distributed by Nutek prior to October 21, 2014 to the following retail stores: Walgreens, Sam's Club, Family Dollar, Fred's, and Diapers.com.

-2-

do not involve overlapping putative classes. Unlike the Eastern District of New York action, which involves a putative nationwide class, the two Northern District of Oklahoma actions are individual personal injury actions. A related personal injury action was recently removed from state court to the Middle District of Georgia. Having so few counsel involved and only one class alleged greatly diminishes the risk of inconsistent pretrial rulings. Further, contrary to defendants' prediction that more cases will be filed, in the nearly four months that defendants' motion for centralization has been pending, the number of pending cases has fallen from seven to four. Also weighing in our decision to deny centralization is that resolution of the pending Section 1404 motions in the Northern District of Oklahoma actions would eliminate the multidistrict character of this litigation.[3]

Plaintiffs have expressed their willingness to cooperate in discovery and scheduling matters, which we applaud. To the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts is a preferable alternative to centralization. *See, e.g.*, *In re: Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[3] *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other options.'") (quoting *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L.2011)).

**IN RE: NUTEK BABY WIPES PRODUCTS
LIABILITY LITIGATION** MDL No. 2605

## SCHEDULE A

<u>Eastern District of New York</u>

JONES v. WAL-MART STORES, INC., ET AL., C.A. No. 2:14-06305

<u>Northern District of Oklahoma</u>

GAMBLE, ET AL. v. NUTEK DISPOSABLES, INC., C.A. No. 4:14-00767
AULESTIA v. NUTEK DISPOSABLES, INC., C.A. No. 4:14-00769